2007 ND 39

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Rodney BROSSART, Defendant and Appellant.**

No. 20060242.

Supreme Court of North Dakota.

March 22, 2007.

Steven James Simonson, State's Attorney, P.Lakota, ND, for plaintiff and appellee.

Neil W. Fleming, Cavalier, ND, for defendant and appellant.

CROTHERS, Justice.

[¶ 1]   Rodney B. Brossart appeals from a district court judgment convicting him of preventing arrest or discharge of other duties.   We affirm, concluding the judgment is supported by sufficient evidence.

I

[¶ 2]   Brossart is a Nelson County landowner and farmer.   In the spring of 2006 the Williams Township Board, Nelson County, sent Brossart a letter instructing him not to conduct maintenance on township roads.   The Nelson County Sheriff also sent Brossart a letter containing the same message.   On April 4, 2006, the Nelson County Sheriff's Department was notified that a pile of gravel debris had been left on a township road by unknown equipment.   On April 5, Deputy Eric Braathen contacted Brossart to confirm Brossart was not allowed to maintain the road.   On April 6, Brossart was driving a four-wheel-drive tractor pulling a 45–foot–wide, 16,000 pound steel roller on the same township road which Brossart and the deputy discussed the previous evening.   The steel roller was extended from the bottom of one ditch, over the top of the road, and down the opposite ditch, obstructing the roadway completely.   Brossart testified he was rolling the ditches to push rocks farther into the soil, allowing him to hay the ditches without damaging his equipment.

[¶ 3]   When the Nelson County Sheriff's Department received a call that a tractor was obstructing a road, Deputy Tom Stenvold drove to the road and spoke with Brossart.   Off-duty Deputy Braathen also went to the scene because his prior dealings with Brossart concerned him.   After the deputies began to cite Brossart for disorderly conduct for using his equipment on the road, the contact between the deputies and Brossart became a confrontation.   The confrontation escalated to the point the deputies decided to handcuff Brossart for their safety and for Brossart's safety while they issued the disorderly conduct citation.   Brossart physically resisted the detention, and the deputies had to exert force to finish handcuffing Brossart.   At that point, the deputies cited Brossart for preventing arrest.

[¶ 4]   At the bench trial, Brossart made a motion for a judgment of acquittal under N.D.R.Crim.P. 29, which the court denied.   The district court ruled on the merits that the state did not prove the elements of disorderly conduct, but the court did find Brossart guilty of preventing arrest or discharge of other duties under N.D.C.C. § 12.1–08–02.   Brossart appeals, arguing that the district court erred in finding Brossart guilty of preventing arrest or discharge of other duties and that he had the

right to resist arrest under N.D.C.C. § 12.1–05–03(1).

## II

### A

[¶ 5] Brossart argues the evidence supporting his conviction was insufficient as a matter of law because his angry demeanor, yelling and disagreeing with the deputies did not create a substantial risk of bodily injury to the public servants and did not require them to use substantial force to overcome it.

[¶ 6] "For a criminal trial by the court without a jury, our standard of review is the same as for a trial by jury." *State v. Brandner*, 551 N.W.2d 284, 286 (N.D.1996). In reviewing challenges to the sufficiency of the evidence, this Court reviews the record to determine if there is competent evidence to support an "inference reasonably tending to prove guilt and fairly warranting a conviction." *State v. Igou*, 2005 ND 16, ¶ 5, 691 N.W.2d 213. The defendant has the burden to show the evidence, when viewed in the light most favorable to the verdict, permits no reasonable inference of guilt. *Id.* "A conviction rests upon insufficient evidence only when no rational factfinder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor." *Id.* (citing *State v. Knowels*, 2003 ND 180, ¶ 6, 671 N.W.2d 816).

[¶ 7] Brossart was charged with violating the statute providing:

A person is guilty of a class A misdemeanor if, with intent to prevent a public servant from effecting an arrest of himself or another for a misdemeanor or infraction, *or from discharging any other official duty*, he creates a substantial risk of bodily injury to the public servant or to anyone except himself, or employs means justifying or requiring substantial force to overcome resistance to effecting the arrest or the discharge of the duty.

N.D.C.C. § 12.1–08–02(1) (emphasis added). Evidence at trial showed Brossart indicated his understanding that he was not authorized to maintain roads when the sheriff's department called him the prior evening to discuss the condition of the road. When the sheriff's department was notified that Brossart was on the road with his equipment the next day, the deputies went there to investigate. Despite the deputies' subsequent intentions merely to cite Brossart for disorderly conduct for using his equipment on the road, Brossart became angry, belligerent and uncooperative. The deputies became concerned for Brossart's and their safety, and they decided to detain Brossart by handcuffing him.

[¶ 8] The essence of Brossart's claims is that this Court's decisions in *State v. Ritter*, 472 N.W.2d 444 (N.D.1991); *State v. Cox*, 532 N.W.2d 384 (N.D.1995); and *State v. Barth*, 2001 ND 201, 637 N.W.2d 369, require that a person must actually threaten the officers or become physically aggressive before a charge of resisting arrest or preventing an officer from discharging an official duty is legally justifiable. Brossart misreads our prior decisions. While the defendant in *Ritter* did shove an officer, the defendant in *Cox* did clench his fists, make threats, swear at, run away from and fight with the officer, and the defendant in *Barth* did clench his fists and raise his arms, these cases should not be read to require actual or imminent physical combat between an officer and a defendant before charges under N.D.C.C. § 12.1–08–02 are sustainable.

[¶ 9] The defendant in *Cox* was charged under N.D.C.C. § 12.1–08–02 with preventing arrest. Cox argued the district court erred when it did not suppress the evidence or dismiss the charge in its entirety because of the officer's alleged misconduct in making the arrest. *Cox*, 532 N.W.2d at 386. The question of the reasonableness of Cox's resisting his arrest was properly determined by the factfinder upon reviewing all of the facts. *Id.* at 388 (citations omitted). Like in *Cox* where the factfinder determined Cox's use of force was unreasonable, whether Brossart created a substantial risk of injury or whether his actions presented substantial risk to overcome are questions of fact directly bearing on Brossart's guilt under N.D.C.C. § 12.1–08–02. We therefore disagree with Brossart that the district court erred as a matter of law by failing to dismiss his charge.

[¶ 10] After a trial to the bench, the district court found:

> [T]hings got carried away. [Brossart's] anger was escalating because he was stopped.... [T]he anger was getting to the point where it did create a safety issue for the deputies and also for [Brossart]. Officer Stenvold was going to cite [Brossart], handcuff him so that he could cite him and handcuff him for their safety sake. And at that point, [Brossart] did resist. It was more than just a tensing of his arm as he testified to. [Brossart had] the intent to prevent the officers from handcuffing him and discharging that duty as far as maintaining the safety and getting the citation issued. [Brossart's resistance] did create a substantial risk of bodily injury to the deputies ... [and] also to the point where it required force, substantial force, by the deputies to overcome [Brossart's] resistance to their discharge of their duty.

[¶ 11] When viewing the evidence and all reasonable inferences in a light most favorable to the verdict, we conclude substantial evidence supports Brossart's conviction for violating N.D.C.C. § 12.1–08–02(1). However, our inquiry does not end with that conclusion because Brossart also argues he had the right under N.D.C.C. § 12.1–05–03(1) to resist being handcuffed.

## B

[¶ 12] Brossart claims he was within his legal rights to resist being handcuffed because, as a matter of law, the deputies used excessive force to subdue him. North Dakota law allows a person to resist a deputy's performance of duty when excessive force is used. The statute provides, "A person is not justified in using force for the purpose of resisting arrest, execution of process, or other performance of duty by a public servant under color of law, but excessive force may be resisted." N.D.C.C. § 12.1–05–03(1).

[¶ 13] In *Ritter*, this Court examined the legislative history and the purposes of N.D.C.C. § 12.1–05–03(1) and held a defendant's forceful resistance to an arrest under color of law is not legally justified unless "excessive force" is used by the officers. *Ritter*, 472 N.W.2d 444. We explained:

> We believe that individual violence cannot replace the rule of law.... Forceful resistance to an unlawful search or seizure is no longer automatically excused, as a matter of law, by exclusion of related evidence or by judicial dismissal.... [T]he criminal statutes still recognize justification defenses as factual remedies for official misconduct.... These defenses do not depend on judicial suppression of evidence or dismissal of charges. Rather, they depend upon full presentation of the facts to the trier of fact, usually the jury, for determination

of the independent nature of the charged offense. Official misconduct is a justification defense to a charge of resisting arrest.

*Id.* at 450–53.

[¶ 14] We held subsequently in *DuPaul* and *Cox* the proper remedy for addressing claims of unlawful police conduct was allowing the defendant to raise the issue to the jury and offer his resistance as a justification defense to the preventing-arrest charge. *State v. DuPaul*, 509 N.W.2d 266, 271 (N.D.1993); *Cox*, 532 N.W.2d at 388.

[¶ 15] Here, Brossart received a bench trial and was convicted. Evidence introduced at trial included testimony from both deputies about concerns for their safety. After Brossart had once gone to his tractor cab, Deputy Stenvold testified to his concern that Brossart might retrieve and use items in his tractor as a weapon. The deputies also testified Brossart was going to be handcuffed as long as necessary to cite him for disorderly conduct for maintaining the road. The deputies were unable to handcuff Brossart with one set of cuffs when Brossart resisted their efforts to detain him and would not put his hands together. They had to apply a mandibular angle pressure point maneuver and ultimately pulled Brossart down to the ground to finish handcuffing him with an additional set of handcuffs.

[¶ 16] The district court properly considered whether the officers used excessive force as a question of fact for trial rather than as a question of law. The district court did not make explicit findings on Brossart's claim that the deputies used excessive force, nor was it required to do so. *See State v. Ennis*, 464 N.W.2d 378, 384 (N.D.1990) (In a criminal case tried without a jury, N.D.R.Crim.P. 23(d) provides the trial court usually need make only a general finding of guilty or not guilty.). By finding Brossart guilty under

N.D.C.C. § 12.1–08–02(1), the district court implicitly rejected his "excessive force" defense under N.D.C.C. § 12.1–05–03(1). After viewing the evidence and all reasonable inferences in the light most favorable to the verdict, we conclude substantial evidence supports the district court's rejection of Brossart's defense under N.D.C.C. § 12.1–05–03(1).

### III

[¶ 17] We affirm, concluding the judgment is supported by sufficient evidence.

[¶ 18] MARY MUEHLEN MARING, CAROL RONNING KAPSNER, DALE V. SANDSTROM, JJ., and GERALD W. VANDEWALLE, C.J., concur.