2008 ND 31

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Rockwell Dean SKARSGARD, Defendant and Appellant.**

No. 20070223.

Supreme Court of North Dakota.

Feb. 21, 2008.

Mark A. Flagstad (argued), Assistant State's Attorney, Minot, ND, for plaintiff and appellee.

Mark S. Douglas (argued), N.D. Public Defenders' Office, Williston, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Rockwell Skarsgard appeals from two criminal judgments following a jury trial in which he was found guilty of resisting arrest, a class A misdemeanor, and being in actual physical control of a vehicle while under the influence of alcohol ("APC"), a class C felony. We affirm the criminal judgments.

I

[¶ 2] On May 18, 2006, Skarsgard was cited for APC, driving under suspension, and resisting arrest. Deputy Kevin Nelson of the Ward County Sheriff's Department responded to a call from dispatch, reporting that a vehicle was parked in the middle of a county road northwest of Minot. When he arrived at the scene, Officer Nelson saw an individual slumped over the steering wheel of the running truck. When Officer Nelson opened the front passenger side door to the vehicle, the individual, Skarsgard, woke up. Officer Nelson stated he smelled a strong odor of an alcoholic beverage on Skarsgard's breath and noticed Skarsgard had bloodshot eyes and slurred speech. Officer Nelson saw an open, partially full vodka bottle sitting on the front seat of the pickup truck. Officer Nelson asked Skarsgard to shut off the vehicle, but Skarsgard refused. Officer Nelson then reached inside of the vehicle and turned it off. He asked Skarsgard to step out of the vehicle. Skarsgard refused, grabbing the steering wheel and attempting to remain in the vehicle while Officer Nelson tried to remove him.

Skarsgard was forcibly removed from the vehicle.

[¶ 3] Officer Nelson then read Skarsgard the notice of implied consent and requested that Skarsgard perform an SD-2 test. Skarsgard refused. Officer Nelson placed Skarsgard under arrest for APC.

[¶ 4] While attempting to place Skarsgard in his patrol car, Officer Nelson had to call for the help of another police officer; Skarsgard would not climb into the back seat of the patrol car until both officers used physical force to place him there. Officer Nelson repeatedly warned Skarsgard he would be charged with resisting arrest, and Skarsgard repeatedly refused to get into the patrol car, despite the warning of an additional charge. Skarsgard was charged with preventing arrest. Officer Nelson then called Minot Central Dispatch to check the status of Skarsgard's driver's license. Dispatch responded that Skarsgard's license was suspended or revoked. Skarsgard was charged with driving under suspension ("DUS"). At no point before, during, or after arrest did Officer Nelson read Skarsgard a *Miranda* warning. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) (providing that in instances in which a defendant is subject to custodial interrogation, incriminating statements made by the defendant may be held inadmissible in criminal proceedings unless the defendant is afforded a warning regarding his privilege against self-incrimination).

[¶ 5] Before trial, Skarsgard filed a motion in limine, requesting that the district court exclude any evidence of prior driving under the influence ("DUI") and DUS offenses. The district court denied the motion. Skarsgard filed no other motions in limine, nor did he attempt to raise the issue of the lack of *Miranda* warning at any time before trial. When the *Mi-*

*randa* issue was raised at trial, Skarsgard argued that the testimony of Officer Nelson regarding the lack of *Miranda* warning was necessary in the context of offering "a defense to the charge of preventing arrest." When Skarsgard raised the *Miranda* issue during the trial, he did not request that any evidence be suppressed.

[¶ 6] After a motion for acquittal during trial, the district court acquitted Skarsgard of the DUS charge. The APC and preventing arrest charges were given to the jury, which returned guilty verdicts on both charges. For the APC, the court imposed a fine of $1,000 and a sentence of five years with the Department of Corrections, with two years suspended. This sentence was ordered to run concurrently with a one-year sentence imposed for preventing arrest.

[¶ 7] Skarsgard appeals, arguing all evidence derived from the arrest should have been suppressed because the arresting officer failed to deliver a *Miranda* warning. Skarsgard argues there was insufficient evidence to convict him of resisting arrest and this charge should also have been dismissed.

## II

[¶ 8] Skarsgard argues the district court erred in failing to suppress all evidence "seized" on May 18, 2006 because the arresting officer failed to provide Skarsgard with a *Miranda* warning prior to or upon arrest. The failure to give a *Miranda* warning was not raised until trial was underway. Further, the manner in which the issue was raised at trial was not a request to suppress any evidence acquired after a *Miranda* warning should have been given. Instead, at trial, Skarsgard argued failure to provide a *Miranda* warning constituted a defense to the charge of preventing arrest. Skarsgard did not request evidence be suppressed at trial. He merely requested that he be

allowed to question the arresting officer about the lack of a *Miranda* warning to demonstrate that the arrest was illegal, which Skarsgard argued created a defense to the preventing-arrest charge. Skarsgard's counsel did question the deputy about the failure to give a *Miranda* warning. Only on appeal does Skarsgard raise the issue of suppression for a *Miranda* violation.

[¶ 9] Because Skarsgard did not provide the district court with a pre-trial motion under N.D.R.Crim.P. 12(b)(3)(C), motion to suppress evidence, he has waived his suppression argument and thus has not properly preserved the issue for appeal. "Rule 12(b), N.D.R.Crim.P., requires certain motions be made before trial, or they are waived." *State v. Frankfurth*, 2005 ND 167, ¶ 12, 704 N.W.2d 564. However, this Court may grant relief from the waiver if the movant establishes "just cause." *State v. Schroeder*, 524 N.W.2d 837, 839 (N.D.1994) (citing *State v. Neset*, 462 N.W.2d 175 (N.D.1990); *State v. Raywalt*, 436 N.W.2d 234 (N.D.1989); *State v. Valgren*, 411 N.W.2d 390 (N.D.1987)).

[¶ 10] Skarsgard does not allege or provide "just cause" for his failure to raise the issue pre-trial at the district court level. He merely asserts that the district court should "be reversed on all counts" because all of the evidence gathered during the stop is "constitutionally suspect." Skarsgard does not address the requirements of N.D.R.Crim.P. 12 and does not assert a just cause that would negate his waiver of defenses under this Rule. For these reasons, the issue was not properly preserved on appeal and will not be considered by this Court.

## III

[¶ 11] Skarsgard argues there was insufficient evidence to charge him with resisting arrest under N.D.C.C. § 12.1–08–02(1), and, as a result, the dis-

trict court erred in failing to dismiss the charge. Skarsgard did not make a pretrial motion to dismiss the charge. Rather, on appeal, Skarsgard raises the issue and argues it in terms of a challenge to the sufficiency of the evidence to sustain his conviction.

[¶ 12] "In reviewing challenges to the sufficiency of the evidence, this Court reviews the record to determine if there is competent evidence to support an 'inference reasonably tending to prove guilt and fairly warranting a conviction.'" *State v. Brossart*, 2007 ND 39, ¶ 6, 729 N.W.2d 137 (quoting *State v. Igou*, 2005 ND 16, ¶ 5, 691 N.W.2d 213). "The defendant has the burden to show the evidence, when viewed in the light most favorable to the verdict, permits no reasonable inference of guilt." *Id.* (citations omitted). "'A conviction rests upon insufficient evidence only when no rational factfinder could have found the defendant guilty beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor.'" *Id.* (citations omitted).

[¶ 13] Section 12.1–08–02(1), N.D.C.C., provides the elements needed to sustain a conviction for resisting arrest:

> A person is guilty of a class A misdemeanor if, with intent to prevent a public servant from effecting an arrest of himself or another for a misdemeanor or infraction, or from discharging any other official duty, he creates a substantial risk of bodily injury to the public servant or to anyone except himself, or employs means justifying or requiring substantial force to overcome resistance to effecting the arrest or the discharge of the duty.

N.D.C.C. § 12.1–08–02(1).

[¶ 14] Officer Nelson testified he was not sure at what point he placed Skarsgard under arrest, but that he thought the arrest occurred after he removed Skarsgard from Skarsgard's vehicle and held Skarsgard at the hood of the patrol car. Officer Nelson testified that while attempting to place Skarsgard in his patrol car, he had to call for the help of another police officer because Skarsgard would not climb into the back seat of the patrol car until both officers used physical force to place him there. "A person is not justified in using force for the purpose of resisting arrest, execution of process, or other performance of duty by a public servant under color of law, but excessive force may be resisted." N.D.C.C. § 12.1–05–03(1). "The question of the reasonableness of [the defendant's] resisting his arrest [is] properly determined by the factfinder upon reviewing all of the facts." *Brossart*, 2007 ND 39, ¶ 9, 729 N.W.2d 137 (citations omitted). Officer Nelson's testimony about the time at which the arrest occurred, coupled with his testimony regarding Skarsgard's resistance to entering the patrol car, could, when viewed in a light most favorable to the verdict, allow a reasonable factfinder to determine guilt for resisting arrest. We conclude sufficient evidence exists to support Skarsgard's conviction for violating N.D.C.C. § 12.1–08–02(1).

[¶ 15] We affirm the criminal judgments.

[¶ 16] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.