2009 ND 47

**STATE of North Dakota, Plaintiff and Appellee**

v.

**Scott Lloyd BETHKE, Defendant and Appellant.**

No. 20080159.

Supreme Court of North Dakota.

April 2, 2009.

Kelly A. Dillon (argued), Assistant State's Attorney, Minot, ND, for plaintiff and appellee.

Robert W. Martin (argued), North Dakota Public Defenders' Office, Minot, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1]   Scott Bethke appeals from a criminal judgment entered finding him guilty of: corruption of a minor; sexual assault; indecent exposure; unlawful possession of a controlled substance—methamphetamine; and unlawful possession of drug paraphernalia.   We conclude the trial court did not err in refusing to dismiss all counts with prejudice or in denying Bethke's motion to dismiss.   We affirm.

I

[¶ 2]   On February 16, 2005, officers of the Minot Police Department were dispatched on a welfare check to room 149 at the Days Inn Motel in Minot, North Dakota.   Upon entry, rescue personnel made contact with a confidential informant and two minor males.   Emergency personnel observed illegal drugs in the room, and they called the Ward County Narcotics Task Force for assistance.

[¶ 3]   A member of the task force secured a search warrant for 417 East Burdick Expressway, Minot, North Dakota.   Upon execution of the search warrant on February 17, 2005, a member of the task force found, on Bethke's person, a green Ziploc style bag containing suspected methamphetamine and a partial straw with residue of suspected methamphetamine.   They were sent to the North Dakota State Laboratory ("State Laboratory") for analysis.   On April 15, 2005, the State Laboratory analysis confirmed the substance was methamphetamine.

[¶ 4]   The State charged Bethke with unlawful possession of a controlled substance—methamphetamine and unlawful possession of drug paraphernalia other than marijuana.   The case was assigned to Judge Mattson, and a preliminary hearing was held on March 17, 2005.   At the hearing, the witness indicated the substance had not been sent to the State Laboratory for analysis.   The trial court determined there was insufficient probable cause regarding the charge of unlawful possession

of a controlled substance—methamphetamine. On March 24, 2005, the trial court dismissed this charge indicating the dismissal was without prejudice, permitting the State to refile. On May 17, 2005, the State filed a motion to dismiss the charge of unlawful possession of drug paraphernalia other than marijuana. The State requested dismissal so the entire file could be recharged as one case. The district court granted the State's motion to dismiss without prejudice.

[¶ 5] On April 25, 2006, the State charged Bethke by complaint, asserting Bethke committed the offenses of: count one, corruption of a minor; count two, sexual assault; count three, indecent exposure; count four, transfer of bodily fluid that may contain the human immunodeficiency virus; count five, unlawful possession of a controlled substance—methamphetamine; and count six, unlawful possession of drug paraphernalia. Counts five and six were the same charges previously brought by the State and subsequently dismissed by the trial court. The case was assigned to Judge Holte.

[¶ 6] The preliminary hearing was scheduled for June 8, 2006, at which time Bethke moved to dismiss counts one through four because the victim was not present to testify. The preliminary hearing was continued to allow the parties an opportunity to brief the issue. On August 25, 2006, the trial court denied Bethke's motion to dismiss. Another preliminary hearing was scheduled for September 27, 2006, and it was continued. On October 24, 2006, the preliminary hearing was held. Bethke, through counsel, waived the preliminary hearing on counts one through four of the complaint. He specifically requested a preliminary examination on counts five and six. At the end of the preliminary hearing, the following exchange took place:

THE COURT: ... I'll rule on the probable cause hearing that we just had today, and then we'll have to reconvene so that we can have—I suppose so we can have an arraignment. I would—I'm going to assume that—well, maybe I shouldn't assume, but on the Exhibits (sic) 1, 2, 3, and 4 that preliminary hearing's been waived on, is your client prepared to enter pleas on those today?

MR. MARTIN: Yes, Your Honor. We can take care of that today. My client intends to enter not guilty pleas, of course.

THE COURT: Alright. That—

MS. DILLON: Do you want the Information then? The Information contains all six charges.

THE COURT: Yeah, the Information has all six. Maybe we should just save it all and do it all at once so that we don't—I or somebody else doesn't forget. I'll just put you both on notice that I will be talking to Judge McLees about the wisdom of reassigning the case after I get the probable cause decision out, so that—it could be that it's going to be my predecessor [sic]. Judge McLees is the—he makes the decision, but as I understood it, whoever wins the election in November will be the one that will be finishing my next six months in the criminal court, more likely than not, but I'll let Judge McLees make that decision.

The trial court took the matter of probable cause as to counts five and six under advisement.

[¶ 7] On February 20, 2007, Bethke filed a motion to dismiss counts five and six. Bethke asserted his due process rights were violated when the State recharged counts five and six, without the production of any new evidence. Bethke also contended by waiting until Judge Mattson rotated off of the criminal bench

to recharge the counts, the State engaged in official misconduct. The State resisted Bethke's motion to dismiss. On August 8, 2007, the trial court entered an order denying Bethke's motion to dismiss. The trial court found at the time the counts were recharged, the State Laboratory analysis, which was new evidence, was available. The trial court found there was no basis for Bethke's judge-shopping allegations.

[¶ 8] A bench trial before Judge McLees was held on December 4, 2007. At the close of trial, the trial court noted an information was never filed, and Bethke had not been arraigned. The parties filed post-trial briefs. The trial court held: "[T]he Court finds that the failure to formally arraign Bethke in this case is *not* an omission of such magnitude as to require the Court to *dismiss* the charges against Bethke, with prejudice." The trial court found Bethke guilty of all counts, except count four. The trial court sentenced Bethke to five years on counts one, two, and three, to be served concurrently. The trial court sentenced Bethke to one year and one day on counts five and six, to be served concurrently.

[¶ 9] Bethke appeals, asserting: the trial court erred in refusing to dismiss all counts of the criminal complaint as fatally flawed from the beginning, and in not doing so with prejudice; Bethke's due process rights were violated when the State recharged counts five and six of the criminal complaint after an adverse determination of probable cause by the trial court, without the production of new evidence; and, the State engaged in official misconduct by dismissing counts five and six, then recharging the same counts after the original trial court judge rotated off of the criminal bench.

## II

[¶ 10] Both Bethke and the State acknowledge an information was never filed, and the trial court did not arraign Bethke. Bethke argues the trial court erred in refusing to dismiss all counts of the criminal complaint against Bethke as fatally flawed from the beginning, and in not doing so with prejudice, because these errors violated his constitutional rights. The State acknowledges irregularities in the proceedings; however, it contends such irregularities do not justify dismissal of all counts of the criminal complaint.

## A

[¶ 11] The State chose to initially charge Bethke by complaint. "The complaint is a written statement of the essential facts constituting the elements of the offense charged and is the initial charging document for all criminal offenses." N.D.R.Crim.P. 3(a). Article I, section 10 of the North Dakota Constitution provides, "offenses shall be prosecuted criminally by indictment or information." Rule 7(a)(1), N.D.R.Crim.P., provides: "All felony prosecutions in the district court must be by indictment after grand jury inquiry or information after preliminary examination." "[T]he information must name or otherwise identify the defendant, and must be a plain, concise, and definite written statement of the essential facts constituting the elements of the offense charged." N.D.R.Crim.P. 7(c)(1). The State never filed an information.

[¶ 12] Rule 12(b)(3), N.D.R.Crim.P., provides in part: "The following [pretrial motions] must be raised before trial: (A) a motion alleging a defect in instituting the prosecution; (B) a motion alleging a defect in the indictment, information, or complaint[.]" Bethke is essentially arguing that the lack of an information amounts to a defect in instituting the prosecution, and

the lack of an information amounts to a defect in the information.

■ [¶ 13] This Court discussed N.D.R.Crim.P. 12(b) in *State v. Skarsgard*, 2008 ND 31, ¶ 9, 745 N.W.2d 358. In *Skarsgard*, Skarsgard was cited for actual physical control of a vehicle under the influence of alcohol, driving under suspension, and resisting arrest. *Id.* at ¶ 2. The trial court acquitted Skarsgard of the driving under suspension charge, and the jury returned guilty verdicts on the actual physical control and preventing arrest charges. *Id.* at ¶ 6. On appeal, Skarsgard argued all of the evidence from the arrest should have been suppressed because the arresting officer did not provide him with a *Miranda* warning. *Id.* at ¶ 7; *see Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). Rule 12(b)(3)(C), N.D.R.Crim.P., provides a motion to suppress evidence must be made before trial, and Skarsgard did not request that evidence be suppressed at trial. *Skarsgard*, 2008 ND 31, ¶ 9, 745 N.W.2d 358. This Court noted N.D.R.Crim.P. 12(b) indicates if motions are not made before trial, they are waived. *Id.* (citing *State v. Frankfurth*, 2005 ND 167, ¶ 12, 704 N.W.2d 564). However, if the movant establishes "just cause," this Court may grant relief from the waiver. *Id.* (citing *State v. Schroeder*, 524 N.W.2d 837, 839 (N.D.1994)). In *Skarsgard*, this Court indicated Skarsgard did not allege or provide "just cause" for his failure to raise the issue pre-trial. *Id.* at ¶ 10. Therefore, this Court held this issue was not properly preserved on appeal and would not be considered. *Id.*

[¶ 14] In the present case, N.D.R.Crim.P. 12(b)(3)(A) and (B) required Bethke to file a motion before trial regarding the State's failure to file an information. Because Bethke did not do so, he waived this issue. *See Skarsgard*, 2008 ND 31, ¶ 9, 745 N.W.2d 358. Bethke did not provide "just cause" for his failure to raise this issue pre-trial. Therefore, under our holding in *Skarsgard*, Bethke waived this issue. *Id.* at ¶ 10.

■ [¶ 15] Bethke argues the trial court erred by refusing to dismiss all counts of the criminal complaint because his constitutional rights were violated when the State failed to file an information. The Sixth Amendment affords a defendant a constitutionally protected right to be advised of the charges against him. *State v. Loomer*, 2008 ND 69, ¶ 6, 747 N.W.2d 113 (citing *City of Grand Forks v. Mata*, 517 N.W.2d 626, 628 (N.D.1994)). The explanatory note to N.D.R.Crim.P. 7 states subdivision (c) of this rule is intended to provide the defendant with the Sixth Amendment protection of being informed of the nature and cause of action. While the failure to file an information containing the knowledge necessary to advise a defendant of the charges against him could be a constitutional error, constitutional errors do not automatically require reversal if the error is harmless beyond a reasonable doubt. *State v. Sevigny*, 2006 ND 211, ¶ 19, 722 N.W.2d 515 (citing *State v. Blue*, 2006 ND 134, ¶ 29, 717 N.W.2d 558).

■ [¶ 16] Any error, defect, irregularity or variance that does not affect substantial rights is a harmless error and must be disregarded. N.D.R.Crim.P. 52(a). Before a reviewing court can deem a federal constitutional error harmless, it must be able to declare a belief why it was harmless beyond a reasonable doubt. *State v. Scutchings*, 2009 ND 8, ¶ 14, 759 N.W.2d 729 (citing *State v. Rivet*, 2008 ND 145, ¶ 10, 752 N.W.2d 611). "To determine the effect of the error on a defendant's constitutional rights we must consider the entire record and the probable effect of the actions alleged to be error in light of

all the evidence." *Id.* (quoting *Rivet,* 2008 ND 145, ¶ 10, 752 N.W.2d 611).

[¶ 17] In this case, the State filed a complaint but not an information. Through the complaint, Bethke was notified, in writing, of the essential facts constituting the elements of the offense charged, as would have been included in an information. A review of N.D.R.Crim.P. 3 and 7 reveals the main difference between the contents of a complaint and an information pertains to the witnesses:

When an indictment or information is filed, the names of all the witnesses on whose evidence the indictment or information was based must be endorsed on it before it is presented. The prosecuting attorney, at a time the court prescribes by rule or otherwise, must endorse on the indictment or information the names of other witnesses the prosecuting attorney proposes to call.

N.D.R.Crim.P. 7(g). Bethke did not argue the failure to file the information prejudiced him because he did not receive names of witnesses. On May 17, 2006, in response to a N.D.R.Crim.P. 16 discovery request, the State disclosed a list of witnesses.

[¶ 18] If the State would have filed an information, Bethke would have been provided a written statement of the essential facts constituting the elements of the offense charged; this is exactly what the complaint provided. In addition, if the State would have filed an information, Bethke would have been provided the names of all the witnesses on whose evidence the information was based, and he would have been informed of the names of the witnesses the State proposed to call. Bethke received this information on May 17, 2006 in the State's response to his Rule 16 discovery request. Therefore, the State's failure to file the information did not prejudice Bethke, because the informa-

tion would not have provided him with any knowledge he did not already have. Further, he had this knowledge substantially in advance of trial. To the extent that the failure to file an information is error, we conclude this error was harmless beyond a reasonable doubt.

## B

[¶ 19] Bethke was never arraigned on the six counts for which he was tried. Rule 10(a), N.D.R.Crim.P., states:

Arraignment must be conducted in open court and consists of:

(1) ensuring the defendant has a copy of the indictment, information, or complaint;

(2) reading the indictment, information, or complaint to the defendant or stating to the defendant the substance of the charge; and then

(3) asking the defendant to plead to the indictment, information or complaint.

The explanatory note to N.D.R.Crim.P. 10, provides in part: "Failure to comply with the requirements of a proper arraignment is an irregularity that does not warrant a reversal of a conviction if not raised before trial." Bethke concedes the issue of the failure to arraign was not raised before trial. Several cases have come before this Court in which the defendant was never arraigned, and the issue was not raised before trial.

[¶ 20] In *State v. Wester,* 204 N.W.2d 109, 111 (N.D.1973), a case preceding the adoption of the North Dakota Rules of Criminal Procedure, Wester did not enter a plea, but the district court proceeded as though Wester pled guilty. The trial court directed Wester to take the stand, and he was examined concerning the criminal charges. *Id.* At the conclusion of the examination, the trial court stated: "For the record, the defendant's plea of guilty to

the crime charged is accepted and the Clerk is directed to record and make an entry of such plea." *Id.* Wester filed an application for a writ of habeas corpus, asserting he never pled to the criminal charge; therefore, the conviction and sentence he received were both invalid. *Id.* at 112. In *Wester,* this Court noted it was confronted with a unique situation:

> because of the confusion on the part of all concerned, including trial judge, prosecuting attorney, defense attorney, and defendant, no plea of guilty, either oral or in writing, was entered by the defendant or his counsel, and no plea was asked for by the judge or the prosecuting attorney. Without at least a request for a plea, it is impossible to presume that a plea has been entered.

*Id.* at 118. This Court concluded, "when no plea is taken and judgment is pronounced on the theory that a guilty plea has been entered, the judgment is a nullity and, therefore, void." *Id.* (citation omitted). Thus, this Court reversed the judgment and sentence of the district court. *Id.*

[¶ 21] Bethke contends the facts of *Wester* and the facts of the case before this Court are similar; however, there are key distinctions between the two. In *Wester,* the trial court did not ask Wester for a plea, Wester did not enter a plea, and Wester's counsel did not enter a plea for him; but even so, the trial court proceeded as though Wester pled guilty. *Id.* at 110–11. In the present case, at the October 24, 2006 preliminary hearing, the trial court asked Bethke's counsel if he was prepared to enter pleas on counts one through four. Bethke's counsel responded: "Yes, Your Honor. We can take care of that today. My client intends to enter not guilty pleas, of course." Subsequently, the trial court, the State, and Bethke proceeded as though Bethke entered not guilty pleas.

[¶ 22] In *State v. Berger,* 235 N.W.2d 254, 256 (N.D.1975), five defendants were charged with assault and battery as the result of the same incident. The cases were consolidated, and after trial commenced, the trial court discovered three of the defendants had not been arraigned and had not entered pleas. *Id.* The trial court asked the defendants' counsel if they were prepared to waive arraignment and enter pleas; the defendants refused to waive arraignment or plead. *Id.* The trial court declared a mistrial, set a new trial date, and subsequently the defendants were found guilty. *Id.* at 257. The defendants appealed their conviction, asserting they were twice put in jeopardy. *Id.*

[¶ 23] In *Berger,* this Court discussed N.D.R.Crim.P. 10 and indicated arraignment is an important step in the criminal process, because it formulates the issue to be tried. *Id.* at 260 (citation omitted). It noted the explanatory note to N.D.R.Crim.P. 10 indicated in *Garland v. Washington,* 232 U.S. 642, 34 S.Ct. 456, 58 L.Ed. 772 (1914), the United States Supreme Court held the failure to comply with the requirements of an arraignment is an irregularity, but reversal of a conviction is not warranted if the issue is not raised before trial. *Berger,* 235 N.W.2d at 260 (citing N.D.R.Crim.P. 10, Explanatory Note).

[¶ 24] In *Berger,* this Court stated the defendants were not unduly harmed by the mistrial and retrial, and concluded the trial court exercised sound discretion in taking such action. 235 N.W.2d at 262. Before coming to this conclusion, this Court held:

> Even though our criminal justice process employs and relies heavily upon the adversary system, it nevertheless is not a game or a contest wherein an adversary may capitalize on the lapses or errors of his adversary or of an official,

but rather is a process striving for fairness in the administration of justice. Consequently, error committed in procedure which is not fatal in itself but can be corrected should not serve to defeat the ends of public justice.

*Id.* at 261–62. This Court's precedent and the explanatory note to N.D.R.Crim.P. 10 indicate the failure to arraign a defendant is an irregularity that does not warrant a reversal of a conviction if the issue is not raised before trial.

[¶ 25] This Court has held if a party fails to object to a trial court's procedure, it operates as a waiver of the issue on appeal. *State v. Smuda,* 419 N.W.2d 166, 167 (N.D.1988). This Court added, "but the error may provide a basis for reversal if it constitutes obvious error affecting substantial rights of the defendant." *Id.* at 167–68 (citations omitted). "Our power to notice obvious error is exercised cautiously and only in exceptional situations where the defendant has suffered serious injustice." *Id.* at 168 (quoting *State v. Miller,* 388 N.W.2d 522, 522 (N.D.1986)). "If the trial error is one of constitutional magnitude, we must determine whether the error was harmless beyond a reasonable doubt by considering the probable effect of the error in light of all the evidence." *Id.* (citation omitted). Bethke did not prove he suffered a serious injustice because he was not arraigned; he was treated as if he had pled not guilty and he received a trial on the charges. We conclude the error was harmless beyond a reasonable doubt.

### III

[¶ 26] On appeal, Bethke asserts the trial court erred by denying his motion to dismiss, because the State improperly refiled the charges by not producing new evidence and it did not have good cause to refile the charges. This Court has held:

We have outlined our standard of review for preliminary proceedings, such as a motion to dismiss, in criminal cases at the trial court level. "We will not reverse a trial court's findings of fact in preliminary criminal proceedings if, after the conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the findings and if the trial court's decision is not contrary to the manifest weight of the evidence."

*State v. Jones,* 2002 ND 193, ¶ 19, 653 N.W.2d 668 (quoting *State v. Berger,* 2001 ND 44, ¶ 11, 623 N.W.2d 25).

[¶ 27] Bethke was originally charged with unlawful possession of a controlled substance—methamphetamine and unlawful possession of drug paraphernalia other than marijuana. The trial court found insufficient probable cause for the first charge and dismissed it without prejudice. The State requested the trial court dismiss the second charge so the entire file could be recharged as one case; the trial court dismissed the second charge without prejudice. Rule 5.1(b), N.D.R.Crim.P., provides: "If the magistrate hears evidence on behalf of the respective parties in a preliminary examination, and finds either a public offense has not been committed or there is not sufficient cause to believe the defendant guilty of the offense, the magistrate must discharge the defendant." After an adverse decision at a preliminary hearing, the State may issue a new complaint if the State offers additional evidence or has other good cause. *Walker v. Schneider,* 477 N.W.2d 167, 174–75 (N.D. 1991). In this case, the State chose to issue a new complaint. Bethke filed a motion to dismiss, alleging the State recharged these counts without producing

new evidence and without other good cause.

[¶ 28] The trial court denied Bethke's motion to dismiss because it found the analysis from the State Laboratory was additional evidence. The State Laboratory analysis was reported to the Ward County Narcotics Task Force on April 15, 2005, subsequent to the original preliminary hearing but prior to the October 24, 2006 preliminary hearing. On appeal, Bethke asserts there was no new evidence presented against him once the charges were refiled. Bethke contends "the chemical test obtained over nineteen (19) months previously was presented, but that was not new evidence—only a scientific 'confirmation' of the same evidence that had been previously presented to the first magistrate." He further asserts: "The only offer of proof that varied from the first [preliminary examination] was the submission of a North Dakota State Laboratory test confirming the presence of controlled substances with respect to the three items seized." The State argues: "Since the dismissal of the original charges, the State received additional evidence in the form of confirmation by the State Laboratory that the substance found, which constituted the basis for the charge dismissed by the Court, was methamphetamine."

[¶ 29] At the October 24, 2006 preliminary hearing, Deputy Travis Anderson testified:

Q. Okay. Were there any items of contraband located on Mr. Bethke's person?

A. Yes there were.

Q. And what was that?

A. There was a green Ziploc style baggie which contained suspected methamphetamine, and later was tested positive for methamphetamine, found in the front left pocket of the pants worn by Scott Bethke. There was also a partial straw with residue of suspected methamphet-amine found in the right front pants pocket of Scott Bethke.

Q. Were either of those items transported to the State Laboratory for analysis?

A. Yes they were.

Q. And have you received the results of that analysis?

A. Yes I have.

Q. And what is—what was the result?

A. Give me one moment please.

Q. Sure.

A. Both items contained methamphetamine, and the baggie which—excuse me, the straw contained residue of methamphetamine and the baggie had a substance of methamphetamine and dimethylsulfone.

Q. Were there any other items of drug related paraphernalia found in the residence during the execution of the search warrant?

A. Yes.

Q. What?

A. There was also a foil which was sent to the lab and tested positive for methamphetamine, and that foil piece was found on the floor of the south bedroom upstairs in the apartment.

The confirmation from the State Laboratory that the substance found was methamphetamine constitutes new evidence; therefore, the State properly issued a new complaint. *See Walker*, 477 N.W.2d at 175. We hold the trial court correctly found the analysis from the State Laboratory constituted new evidence.

[¶ 30] The trial court denied Bethke's motion to dismiss because it did not find any basis for Bethke's allegation that by refiling the charges, the State was judge-shopping. On appeal, Bethke asserts the State did not have good cause to refile the charges because the State was

judge-shopping. In discussing good cause, this Court in *Walker* held: "Good cause does not include harassment or magistrate 'shopping.'" *Id.* (citation omitted). Bethke argues the State was judge-shopping because the confirmation from the State Laboratory was reported to the Ward County Narcotics Task Force on April 15, 2005. Deputy Travis Anderson testified he received the report in April 2005, but the State did not refile the complaint until April 25, 2006, after Judge Mattson rotated off of the criminal bench. Nothing in the record indicates a reason for the delay. We hold the trial court properly deemed Bethke's claim that the State was judge-shopping baseless. Therefore, we affirm the trial court's order denying Bethke's motion to dismiss.

### IV

[¶ 31] On appeal, Bethke asserts the State's action of refiling the charges after Judge Mattson, who ruled against the State in the initial preliminary hearing, rotated off of the criminal bench, constituted official misconduct and mandated the dismissal of the charges. As noted above, when we review preliminary proceedings such as a motion to dismiss:

> "We will not reverse a trial court's findings of fact in preliminary criminal proceedings if, after the conflicts in the testimony are resolved in favor of affirmance, there is sufficient competent evidence fairly capable of supporting the findings and if the trial court's decision is not contrary to the manifest weight of the evidence."

*Jones*, 2002 ND 193, ¶ 19, 653 N.W.2d 668 (quoting *Berger*, 2001 ND 44, ¶ 11, 623 N.W.2d 25).

[¶ 32] In its order denying Bethke's motion to dismiss, the trial court found Bethke's judge-shopping claim baseless. On appeal, Bethke asserts official misconduct is a separate and independent basis for dismissal of the charges. He asserts the State was judge-shopping because it waited over one year to refile the charges. Bethke contends the State waited "until the passing of time had removed Judge Mattson from any possibility of hearing, or re-hearing, this matter." Bethke did not provide any evidence in support of his allegations, nor has he shown any way in which the rotation of judges has prejudiced him. We hold Bethke's claim that the State engaged in official misconduct is meritless; therefore, we affirm the trial court's order denying Bethke's motion to dismiss.

### V

[¶ 33] The judgment of the trial court is affirmed.

[¶ 34] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.