# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2023 ND 210

State of North Dakota,                                    Plaintiff and Appellee

v.

Aaron Wayne Anderson,                                  Defendant and Appellant

## No. 20230145

Appeal from the District Court of Cass County, East Central Judicial District, the Honorable Tristan J. Van de Streek, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Joshua J. Traiser, Assistant State's Attorney, Fargo, ND, for plaintiff and appellee.

Daniel J. Howell, Devils Lake, ND, for defendant and appellant; submitted on brief.

**Jensen, Chief Justice.**

[¶1]   Aaron Anderson appeals from a criminal judgment entered following a jury verdict finding him guilty of terrorizing, simple assault on a police officer, preventing arrest, solicitation of a minor, and indecent exposure. On appeal, Anderson argues the evidence presented at trial was insufficient to support the jury's verdicts for the charges of terrorizing and preventing arrest. We affirm.

I

[¶2]   The State charged Anderson with terrorizing in violation of N.D.C.C. § 12.1-17-04(1), simple assault on a peace officer in violation of N.D.C.C. § 12.1-17-01(1)(a), preventing arrest in violation of N.D.C.C. § 12.1-08-02(1), solicitation of a minor in violation of N.D.C.C. § 12.1-20-05(1), and indecent exposure in violation of N.D.C.C. § 12.1-20-12.1(1)(b). At trial, the State provided testimony of two law enforcement officers who responded to a 911 call of a man making sexual advances to a minor at a local business. The officers testified that upon their arrival at the business they located a naked Anderson in the bathroom. Once dressed, they escorted Anderson out of the business, informed him he was being detained, administered *Miranda* rights, and sat him in the back seat of a squad car uncuffed. Officers then proceeded to make calls to determine if the jail would be able to house Anderson.

[¶3]   After determining the jail would accept him, officers returned to the vehicle to effect the arrest and ordered Anderson out of the back seat to secure him in handcuffs for transport. Upon exiting the vehicle, Anderson was cooperative and faced the car, placed his hands behind his back, and handcuffs were secured. Anderson was informed the officers were double-locking the handcuffs when Anderson reared back and kicked the assisting officer in the knee. As officers attempted to direct Anderson back into the squad car, he bent over, stiffened up, and started grabbing portions of the car, making it difficult to move him. In order to get him into the vehicle, one of the officers went to the driver-side of the patrol car and grabbed Anderson's arm pulling him into the

back seat. After Anderson was secured, officers transported him to Essentia Health to be cleared before booking. During transport, Anderson made several comments to one of the officers to the effect that the officer and his family were going to die. The comments included the following: that Anderson "was going to shoot [the officer] one time in the left lung, lower[,]" asking the officer if he wanted to go to heaven or hell, and indicating Anderson was "going to take a piece of [the officer's] skin off" him when he's still alive. Anderson was later cleared for custody.

[¶4]   At the conclusion of the State's case, Anderson made a N.D.R.Crim.P. 29 motion requesting a judgment of acquittal on all five charges. The district court denied the motion, finding sufficient evidence to put the charges before the jury. The jury then returned a verdict convicting Anderson on all five charges.

II

[¶5]   We review challenges to the sufficiency of the evidence as follows:

> [W]e look only to the evidence and reasonable inferences most favorable to the verdict to ascertain if there is substantial evidence to warrant the conviction. A conviction rests upon insufficient evidence only when, after reviewing the evidence in the light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor, no rational fact finder could find the defendant guilty beyond a reasonable doubt. In considering a sufficiency of the evidence claim, we do not weigh conflicting evidence, or judge the credibility of witnesses.

*State v. Hannah*, 2016 ND 11, ¶ 7, 873 N.W.2d 668 (quoting *State v. Rufus*, 2015 ND 212, ¶ 6, 868 N.W.2d 534).

[¶6]   Anderson was charged with violating N.D.C.C. § 12.1-17-04(1) which states a person is guilty of a class C felony if, "with intent to place another human being in fear for that human being's or another's safety . . . or in reckless disregard of the risk of causing such terror, disruption, or inconvenience . . . [t]hreatens to commit any crime of violence or act dangerous to human life[.]" To convict under this statute, the State must prove: "(1) the defendant intended to cause another person to fear for his or another person's safety or acted with

2

reckless disregard of the risk of causing such fear, and (2) the defendant made a threat to commit a 'crime of violence or act dangerous to human life.'" *State v. Brossart*, 2015 ND 1, ¶ 19, 858 N.W.2d 275.

[¶7] Anderson asserts there was insufficient evidence to sustain a guilty verdict on the charge of terrorizing because the officer alleged to have been threatened gave only a "lukewarm confirmation" that he was alarmed by Anderson's statements, and the State further failed to show Anderson had the requisite intent to commit the crime. Anderson argues the testimony supports this assertion as during the entire process, he was "talking about things that did not make sense" and was "unable to intelligently communicate."

[¶8] The statute provides the State must show Anderson acted either intentionally or with reckless disregard. Regardless of whether there may have not been sufficient evidence to show he acted intentionally, a rational fact finder could still have found Anderson acted with reckless disregard. Prior to deliberation, the district court provided the jury with instructions which included the differing levels of intent. The court instructed the jury that people engage in reckless conduct:

> [I]f they engage in conduct in conscious and clearly unjustifiable disregard of a substantial likelihood of the existence of the relevant facts or risks. Such disregard involving a gross deviation from acceptable standards of conduct, except that awareness of risk is not required when its absence is due to self-induced intoxication.

[¶9] The officer who alleged to have been threatened testified Anderson's odd behavior and mannerisms were indicative of someone under the influence of some sort of drug. The other officer also testified these behaviors, such as erratic movements, seeing and talking about things that aren't real, and paranoid behaviors, are recognizable to him as an individual under the influence of methamphetamine.

[¶10] A reasonable jury, after reviewing the provided testimony of Anderson's behavior and the signs indicating methamphetamine use, could infer Anderson's behaviors were due to self-induced intoxication. As awareness of the risk is not required if the absence is due to self-induced intoxication, a

reasonable jury could find Anderson met the intent requirement of reckless disregard. Anderson's assertion there is insufficient evidence to support the conviction because the State did not prove he acted intentionally is without merit.

[¶11] Additionally, the State provided evidence of both the statements made and their effect on the officer. When the State asked the threatened officer what differentiated Anderson's statements from somebody who is just saying nonsensical things, the officer testified, "Well, like I said, he's unstable. I took it serious[ly] . . . . So yeah, it's disturbing." Upon review of the evidence, a rational jury could find Anderson threatened to commit a crime of violence with reckless disregard of the risk of causing such terror, disruption, or inconvenience to the threatened officer. We conclude Anderson's assertion there was insufficient evidence to support the conviction of terrorizing is without merit.

### III

[¶12] Anderson asserts there was insufficient evidence to convict him of the charge of preventing arrest because, at the time of the resistance, the arrest had already been completed for the class A misdemeanor offenses of indecent exposure and solicitation of a minor, and there was no indication a felony had occurred.

[¶13] Anderson was charged with violating N.D.C.C. § 12.1-08-02(1), which states a person is guilty of a class C felony if:

> [W]ith intent to prevent a public servant from effecting an arrest of himself . . . for a class A, B, or C felony, he creates a substantial risk of bodily injury to the public servant or to anyone except himself, or employs means justifying or requiring substantial force to overcome resistance to effecting such an arrest.

[¶14] Anderson asserts that because his resistance occurred after the officers had already placed him under arrest for the two misdemeanors, his actions could not be resisting arrest. Anderson is correct the officers testified he cooperated with the arrest process for the misdemeanors. One of the officers

testified after Anderson had been placed under arrest for the misdemeanors, Anderson was asked to get out of the squad car, face the car, and place his hands behind his back, and handcuffs were secured without issue. After being informed the handcuffs were about to be double-locked, Anderson committed the simple assault on a police officer, a class C felony, in violation of N.D.C.C. § 12.1-17-01(1)(a). At that time, the officers had to use force to get Anderson into the squad car.

[¶15] We have not previously drawn the bright line requested by Anderson that preventing arrest does not extend to the entire process of arresting the defendant. We have, however, in *State v. Skarsgard,* concluded there was sufficient evidence to sustain a conviction of preventing arrest under N.D.C.C. § 12.1-08-02(1) under almost identical circumstances. 2008 ND 31, ¶ 14, 745 N.W.2d 358. In *Skarsgard*, the arresting officer testified "the arrest occurred after he removed Skarsgard from Skarsgard's vehicle and held Skarsgard at the hood of the patrol car." *Id*. The officer further "testified that while attempting to place Skarsgard in his patrol car, he had to call for the help of another police officer because Skarsgard would not climb into the back seat of the patrol car until both officers used physical force to place him there." *Id*. The statute not only includes preventing the arrest but also includes "effecting such an arrest." N.D.C.C. § 12.1-08-02(1). We reject Anderson's claim the prior arrest for the two misdemeanors created a bright line, after which he could no longer be determined by the jury to have engaged in acts constituting the prevention of his arrest. We conclude there was sufficient evidence to convict Anderson of the charge of preventing arrest because, at the time of the resistance, the jury could conclude that Anderson's actions impeded the officers' ability to effectuate his arrest.

IV

[¶16] After viewing the evidence in a light most favorable to the prosecution and giving the prosecution the benefit of all inferences reasonably to be drawn in its favor, we find there was sufficient evidence presented for a rational fact finder to find Anderson guilty of terrorizing in violation of N.D.C.C. § 12.1-17-

04(1) and felony preventing arrest in violation of N.D.C.C. § 12.1-08-02(1). We affirm.

[¶17] Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr