IN THE SUPREME COURT
STATE OF NORTH DAKOTA

2025 ND 86

State of North Dakota,                                    Plaintiff and Appellant

v.

Taelor Brown,                                              Defendant and Appellee

No. 20240225

Appeal from the District Court of Divide County, Northwest Judicial District, the Honorable Joshua B. Rustad, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice, in which Chief Justice Jensen and Justices McEvers, Tufte and Bahr joined. Justice McEvers filed an opinion concurring specially, in which Chief Justice Jensen joined.

Seymour R. Jordan, State's Attorney, Crosby, ND, for plaintiff and appellant.

Kari L. Jensen, Williston, ND, for defendant and appellee.

**Crothers, Justice.**

[¶1]   The State of North Dakota appeals from a district court order dismissing with prejudice one of the four charges against Taelor Brown for attempted delivery of a controlled substance. We affirm.

I

[¶2]   In June 2024, officers responded to a report of trespassing in Noonan, North Dakota. Officers discovered Brown was given access to clean a property and had been staying there for a month. During a search of the room, officers found 52.2 grams of suspected cocaine and two straws. The State charged Brown with Count I: Attempted Delivery of Controlled Substance – Cocaine – 50G or More in violation of N.D.C.C. § 19-03.1-23(1)(a); Count II: Possession of Controlled Substance – Coca Leaves, Cocaine, Ecgonine – 50G or More in violation of N.D.C.C. § 19-03.1-23(7)(a); Count III: Unlawful Possession of Drug Paraphernalia in violation of N.D.C.C. § 19-03.4-03(2); and Count IV: Unlawful Possession of Drug Paraphernalia in violation of N.D.C.C. § 19-03.4-03(2).

[¶3]   In August 2024, the district court conducted a preliminary hearing. An officer who was part of the Northwest Narcotics Task Force was the State's only witness. After the officer's testimony, the court found the State failed to provide evidence of attempted delivery of 50 grams or more of cocaine and dismissed Count I with prejudice. After dismissing Count I, Brown waived the preliminary hearing on Count II. The State timely appealed.

II

[¶4]   The State argues the district court erred in dismissing Count I against Brown due to a lack of probable cause.

[¶5]   An appeal from the dismissal of a criminal charge for lack of probable cause is fully reviewable. *See State v. Blundt,* 751 N.W.2d 692, ¶ 14, 2008 ND 135 (stating "[w]hether the facts found by the district court reach the level of probable cause is a question of law, fully reviewable on appeal."). "[I]n determining whether probable cause exists, the district court may judge credibility and make findings of fact. On appeal, we will not reverse the district court's findings of fact in preliminary proceedings in a criminal case if, after resolving conflicts in the evidence in favor of affirmance, sufficient competent evidence exists that is fairly capable of supporting the court's findings and the decision is not contrary to the manifest weight of the evidence." *Id.* (cleaned up).

[¶6]   "Probable cause exists when the facts and circumstances are sufficient to warrant a person of reasonable caution to believe an offense has been committed and 'knowledge of facts sufficient to establish guilt is not necessary to establish probable cause.'" *State v. Turbeville*, 2017 ND 139, ¶ 12, 895 N.W.2d 758. "The State is not required to prove with absolute certainty or beyond a reasonable doubt that a crime occurred, but rather need only produce sufficient evidence to satisfy the court that a crime has been committed and that the accused is probably guilty." *Id.* ¶ 6.

[¶7]   In Count 1, the State charged Brown with "attempted delivery" of 50 grams or more of cocaine under N.D.C.C. ch. 19-03.1 and N.D.C.C. § 12.1-06-01. Under section 19-03.1-01(9), the term "delivery" includes the "*attempted transfer* from one person to another of a controlled substance." (Emphasis added.) Thus, an attempt to transfer is subsumed in the offense of delivery. By charging Brown with attempted delivery the State alleged Brown attempted to transfer 50 grams or more of cocaine to another person. To complicate the charge even more, the State charged the "attempted delivery" under section 12.1-06-01. Under that section, a "criminal attempt" requires the person take "a substantial step toward commission of the crime." N.D.C.C. § 12.1-06-01(1). "A 'substantial step' is any conduct which is strongly corroborative of the firmness of the actor's intent to complete the commission of the crime." *Id.* Thus, the State alleged Brown took a

substantial step toward attempting to transfer 50 grams or more of cocaine to another person.

[¶8] The district court heard testimony from a drug task force officer who testified the amount was more than someone would use personally and two straws were found with the controlled substance. Despite this, the officer testified they did not find other items that would show an intent to deliver such as pay/owe sheets, large amounts of cash, or evidence of a controlled buy. The court found no evidence of "any attempt to sell the product" and stated "[s]imple possession is not a substantial step towards selling."

[¶9] Based on the amount of cocaine in Brown's possession and the officer's testimony that the amount is typical for distribution purposes and has a street value between $5,000 and $6,000, probable cause may exist showing Brown *possessed* the cocaine *with intent* to deliver it. *See Eaton v. State*, 2011 ND 35, ¶ 16, 793 N.W.2d 790 ("This Court has recognized that a fact-finder may infer intent to deliver based upon evidence in the record that the amount in the defendant's possession was more than that intended for personal use."); *In re L.A.G.*, 1999 ND 219, ¶ 12, 602 N.W.2d 516 ("Possession of a controlled substance in a quantity which is larger than would normally be intended for personal use is evidence of intent to sell or deliver the contraband in violation of the law."). However, in Count 1 the State charged Brown with attempted *delivery* of 50 grams or more of cocaine, not *possession* of 50 grams or more of cocaine *with intent* to deliver it.

[¶10] We agree with the State that there is no need to show a controlled substance is sold to prove attempted delivery of a controlled substance. The definition of "delivery" only requires "the actual, constructive, or attempted transfer from one person to another of a controlled substance." N.D.C.C. § 19-03.1-01(9). The definition does not require the transfer be based on the exchange of something of monetary value. *Id.*; *cf. State v. Helton*, 2007 ND 61, ¶ 7, 730 N.W.2d 610 ("Delivery may be accomplished by making something available to someone, even though there is no direct transfer from one person to the next.").

3

The possession of cocaine, even possession of an amount typical for distribution purposes, may establish probable cause for the delivery (or attempted transfer) of cocaine. That is what the State charged in Count 2 (alleging Brown "willfully possessed more than 50 grams of Cocaine"). The mere possession of cocaine is not evidence of "the actual, constructive, or attempted transfer" of cocaine from one person to another. N.D.C.C. § 19-03.1-01(9). *See Reese v. State*, 281 So.3d 1283, 1291 (Fla. Dist. Ct. App. 2019) (stating "one may be in possession without also committing the act of delivery").

[¶11] The two straws containing cocaine residue and the presence of another individual arguably establish probable cause of "the actual, constructive, or attempted transfer" of cocaine. However, again that is not what the State charged in Count 1. The State charged Count 1 as a Class A felony, which required the offense involve fifty grams or more of cocaine. N.D.C.C. § 19-03.1-23.1(1)(c)(2)(b). Straws containing cocaine residue are not probable cause of delivery (or attempted transfer) of 50 grams or more of cocaine. At most, the straws establish probable cause for the delivery (or attempted transfer) of a personal use amount of cocaine. Thus, the State arguably provided probable cause for a charge of delivery of cocaine. But the State did not provide probable cause for Count 1, which alleged the delivery (or attempted transfer) of *50 grams* or more of cocaine. The amount of cocaine Brown delivered (or attempted to transfer) is an essential element of Count 1. *See Halsema v. State*, 823 N.E.2d 668, 673 (Ind. 2005) (stating "the weight of the drugs is an essential element of the offense" when the weight enhances the offense); *Hamdi v. State*, 200 N.E.3d 956, 959 (Ind. Ct. App. 2022) ("Where the weight of drugs increases the Level of the offense, 'the weight of the drugs is an essential element of the offense.'"); *People v. Harper*, 482 N.E.2d 412, 414 (Ill. App. Ct. 1985) ("Where the grade of the offense depends upon the amount of the drug involved (or the amount of the substance containing that drug) then the amount possessed by a defendant becomes an essential element of the offense."); *State v. Harrison*, 31 N.E.3d 220, 241 (Ohio Ct. App. 2015) ("When the severity of the offense is determined by the amount of controlled substance involved, the amount becomes an essential element of the offense.").

The State produced no evidence Brown delivered (or attempted to transfer) 50 grams or more of cocaine. Therefore, the district court did not err by dismissing the charge of attempted delivery of a controlled substance.

III

[¶12] We affirm the district court's order dismissing the charge of attempted delivery of a controlled substance.

[¶13]  Jon J. Jensen, C.J.
Daniel J. Crothers
Lisa Fair McEvers
Jerod E. Tufte
Douglas A. Bahr

**McEvers, Justice, specially concurring.**

[¶14]  I concur with the majority that the State has failed to show probable cause for attempted delivery of 50 grams or more of a controlled substance. While the district court did not dismiss based on the quantity of the controlled substance, I agree it was right for the wrong reason. It was the State's inartful drafting of the criminal information, not the lack of evidence, that resulted in the dismissal. It appears the drafting decision affected the district court's rationale in dismissing, as shown by its use of "substantial step" language in the decision to dismiss.

[¶15] While the State has not raised it as an issue, the district court dismissed Count 1 with prejudice. I write separately to point out that a dismissal with prejudice should only be used in extreme circumstances. *State v. Tweeten*, 2004 ND 90, ¶ 16, 679 N.W.2d 287. In *State v. Bethke*, the defendant was originally charged with possession of a controlled substance and possession of drug paraphernalia. 2009 ND 47, ¶ 27, 763 N.W.2d 492. The district court found there was no probable cause for the first charge and dismissed it without prejudice. *Id.* The State moved to dismiss the second charge so the entire file could be

5

recharged as one case, and the second charge was also dismissed without prejudice. *Id.* Bethke moved to dismiss, arguing the State had not brought forth new evidence or had good cause for bringing the new charge. *Id.* We stated, "After an adverse decision at a preliminary hearing, the State may issue a new complaint if the State offers additional evidence or has other good cause." *Id.* (relying on *Walker v. Schneider*, 477 N.W.2d 167, 174-75 (N.D. 1991)). It is my opinion that the State should be able to recharge the defendant for the same crime if it has additional evidence or other good cause, or another crime, so long as the new charge is supported by probable cause.

[¶16] Jon J. Jensen, C.J.
    Lisa Fair McEvers