2010 ND 61

**STATE of North Dakota, Plaintiff
and Appellee**

v.

**Jake A. FICKERT, Jr., Defendant
and Appellant.**

No. 20090224.

Supreme Court of North Dakota.

April 6, 2010.

Nathan K. Madden (argued), Assistant State's Attorney, Williams County State's Attorney Office, Williston, ND, for plaintiff and appellee.

Kerry S. Rosenquist (argued), and Pat Rosenquist (appeared), appearing under the Rule on the Limited Practice of Law by Law Students, Grand Forks, ND, for defendant and appellant.

KAPSNER, Justice.

[¶ 1] Jake Fickert, Jr. appeals from a criminal judgment entered after he plead guilty to gross sexual imposition. We hold Fickert failed to establish the district court committed obvious error, and the district court correctly determined a sufficient factual basis existed to support Fickert's guilty plea. We affirm.

I.

[¶ 2] In July 2008, Fickert was charged with gross sexual imposition in Williams County. On February 18, 2009, the district court held a hearing to allow Fickert to change his plea from not guilty to guilty. Both the Williams County state's attorney and Fickert's appointed defense counsel, Josh Rustad, were physically present in the courtroom for the hearing. Fickert appeared at the hearing by inter-active video network (IVN) from the Ramsey County courthouse in Devils Lake. After first asking Fickert where he was physically located, the district court asked defense counsel Rustad whether Fickert consented to appearing via IVN:

> The Court: Okay. And the Defendant is present at the—from IVN. His counsel, Attorney Rustad, is here in person. . . . A couple of procedural matters before we get started. Interactive Video can be used only by the consent of all parties and the Court. Attorney Rustad, you have discussed this with your client?
>
> Mr. Rustad: Yes, your Honor.
>
> The Court: And it's your desire and his to appear by interactive video?
>
> Mr. Rustad: Yes, it is.
>
> The Court: Does the State have any objection?
>
> [State's attorney]: No objection, your Honor.
>
> The Court: All right. . . .

The district court also explained to Fickert that, if requested, he could speak privately to defense counsel Rustad during the hearing:

> The Court: Okay. Sometimes when people are in court it becomes necessary for them to talk to their attorney. And they—usually when you are here in person they just lean over and whisper to him or write him a note. Interactive Video has many advantages, but one disadvantage is that you can't do that. So, if it becomes important at some point during these proceedings for you and your attorney to talk privately, simply give me a high sign. Mr. Rustad can do the same from his end. We will either vacate the room so you people can use the IVN, or we will send you off to a room where Mr. Rustad can talk to you in private. So, just be aware that that

can be done at any time, and it's not a problem. Okay?

The Defendant: All right.

[¶ 3] After discussing the nature of the plea agreement, the district court asked the state's attorney to provide a factual basis for the charge of gross sexual imposition. The state's attorney said:

On May 28th of 2008 the police department in Grand Forks County received a report of suspected child abuse. It was—a minor female there did a, quote, reflection writing, unquote, assignment on May 6th while in school in Grand Forks, indicating she had been sexually harassed by Mr. Fickert when she was younger.

The teacher recognized what the student had written and reported it to Grand Forks Social Services. A forensic interview was done of the minor on May 23rd during which she disclosed that Jake Fickert had sexually assaulted her when she was around eight years old during school while she was living in Williston, which would have put it sometime between September 2001 and May of 2002.

The minor child disclosed that on one occa—at least one occasion when she was seated in Mr. Fickert's lap he had taken her hand and made her rub his penis over his clothes. She indicated that there were two separate occasions that occurred on the same date. And at one point Mr. Fickert had inserted his finger into her vagina. Mr. Fickert was interviewed regarding this, and eventually said, well, she's not lying. Basically admitted to everything else when he wrote a letter to his sons basically admitting the same.

The district court asked Fickert whether the State's factual basis was correct. Fickert stated he was not sure, and the following exchange took place:

The Court: What do you mean you are not sure?

The Defendant: Because—

The Court: You didn't hear, or—

The Defendant: No. I heard, but it's—it only happened one time. And not in Grand Forks, either.

The Court: Where did it happen?

The Defendant: Williston.

The Court: Okay. That would make more sense because you are in Williston court. Anything else?

The Defendant: But, I don't understand anything about Grand Forks.

The Court: Grand Forks is where [the police] discovered it. Grand Forks is where they talked to [the alleged victim]. And then she informed them that it happened back here in Williston.

The Defendant: Okay.

The Court: You are not alleged—they are not alleging that you did anything in Grand Forks.

The Defendant: All right.

The district court then stated a factual basis existed for the charge of gross sexual imposition and accepted Fickert's guilty plea. After the hearing, the district court entered a criminal judgment.

[¶ 4] Fickert now appeals, arguing this Court should overturn the criminal judgment because the district court failed to comply with N.D. Sup.Ct. Admin. R. 52, and because the district court did not properly determine a factual basis for his guilty plea. Prior to appealing the criminal judgment, Fickert did not file either a motion to withdraw his guilty plea, as permitted by N.D.R.Crim.P. 32(d), or an application for post-conviction relief under N.D.C.C. ch. 29–32.1.

## II.

■ [¶ 5] Fickert argues this Court should overturn the criminal judgment because the district court failed to comply with N.D. Sup.Ct. Admin. R. 52, which generally regulates the appearance of criminal defendants over IVN. Where a defendant seeks to plead guilty over IVN, N.D. Sup.Ct. Admin. R. 52 provides:

> [T]he court may not allow the defendant's attorney to participate from a site separate from the defendant unless:
>
> (a) the court makes a finding on the record that the attorney's participation from the separate site is necessary;
>
> (b) the court confirms on the record that the defendant has knowingly and voluntarily consented to the attorney's participation from a separate site; and
>
> (c) the court allows confidential attorney-client communication, if requested.

N.D. Sup.Ct. Admin. R. 52, § 4(B)(3). The purpose behind N.D. Sup.Ct. Admin. R. 52 is "to enhance the current level of judicial services available within the North Dakota court system through the use of interactive television...." N.D. Sup.Ct. Admin. R. 52, § 1.

[¶ 6] Fickert appeared at the hearing via IVN from the Ramsey County courthouse, while defense counsel Rustad was physically present in the Williams County courtroom. At the beginning of the hearing, the district court asked Rustad whether Fickert consented to appearing over IVN:

> The Court: A couple of procedural matters before we get started. Interactive Video can be used only by the consent of all parties and the Court. Attorney Rustad, you have discussed this with your client?

Mr. Rustad: Yes, your Honor.

The Court: And it's your desire and his to appear by interactive video?

Mr. Rustad: Yes, it is.

The Court: Does the State have any objection?

[State's attorney]: No objection, your Honor.

The Court: All right....

The district court also explained to Fickert that, if requested, he could speak privately to Rustad during the hearing. Fickert argues this Court should overturn the criminal judgment because the district court failed to make a finding on the record that defense counsel's participation from a separate site was necessary or to confirm on the record that Fickert had knowingly and voluntarily consented to defense counsel's participation from a separate site. Fickert argues these failures violated N.D. Sup.Ct. Admin. R. 52 and interfered with his right to effective assistance of counsel, as guaranteed by N.D. Const. art. I, § 12 and the Sixth Amendment of the U.S. Constitution.

■ [¶ 7] However, Fickert did not object to these alleged errors before the district court. If a defendant fails to object, the failure operates as a waiver of the issue on appeal unless the defendant establishes obvious error. *State v. Bethke,* 2009 ND 47, ¶ 25, 763 N.W.2d 492. *See also* N.D.R.Crim.P. 52(b) ("An obvious error or defect that affects substantial rights may be considered even though it was not brought to the court's attention."). "To establish obvious error, the defendant must show: (1) error; (2) that is plain; and (3) affects substantial rights." *State v. Demarais,* 2009 ND 143, ¶ 17, 770 N.W.2d 246 (quoting *State v. Kruckenberg,* 2008 ND 212, ¶ 15, 758 N.W.2d 427). "Our power to notice obvious error is exercised cautiously and only in exceptional situations where the defendant has suffered

serious injustice." *Bethke,* at ¶ 25 (quoting *State v. Smuda,* 419 N.W.2d 166, 168 (N.D. 1988)).

[¶ 8] We hold Fickert failed to establish the district court committed obvious error. The district court violated N.D. Sup.Ct. Admin. R. 52, § 4(B)(3)(a) by failing to make a finding on the record that it was necessary for defense counsel Rustad to appear from a separate site than Fickert. However, Fickert did not establish how this error affected his substantial rights. Fickert claimed it is generally prejudicial for defense counsel to appear from a separate site because it limits the opportunity for confidential attorney-client communication. General prejudice does not meet the standard for establishing obvious error. *See State v. Causer,* 2004 ND 75, ¶ 16, 678 N.W.2d 552 ("A substantial right is not affected unless the obvious error was prejudicial *to the defendant* . . . .") (emphasis added). The district court thoroughly explained to Fickert that he could speak privately to defense counsel, if requested, and Fickert indicated he understood. Fickert interacted with the district court throughout the hearing and had several opportunities to state any reservations about defense counsel's participation from a separate site. Thus, the opportunity for confidential attorney-client communication was not unduly prejudiced, and we decline to find obvious error.

[¶ 9] The district court did not violate N.D. Sup.Ct. Admin. R. 52, § 4(B)(3)(b) by eliciting a response from defense counsel Rustad, rather than Fickert, when confirming whether Fickert knowingly and voluntarily consented to defense counsel's participation from a separate site. The rule does not provide a defendant must personally state he or she knowingly and voluntarily consents. Rather, N.D. Sup.Ct. Admin. R. 52, § 4(B)(3)(b) simply requires the court confirm the defendant's consent. Although having the defendant personally give consent is surely the better practice, the district court did not err by having Rustad confirm Fickert's consent.

[¶ 10] Finally, Fickert claimed the district court's failure to strictly follow N.D. Sup.Ct. Admin. R. 52 interfered with his constitutional right to effective assistance of counsel. However, Fickert did not adequately brief his constitutional claim, and we decline to address it. *See State v. Ehli,* 2004 ND 125, ¶ 14, 681 N.W.2d 808 ("A party asserting a constitutional claim must fully brief the basis for his constitutional claim or expect that it will not be reviewed.").

### III.

[¶ 11] Fickert argues this Court should overturn the criminal judgment because the district court did not properly determine whether a sufficient factual basis existed prior to accepting his guilty plea. Rule 11(b)(3), N.D.R.Crim.P., provides: "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." "A factual basis is a statement of facts to assure the defendant is guilty of the crime charged." *State v. Bates,* 2007 ND 15, ¶ 8, 726 N.W.2d 595. "To establish a factual basis for the plea, the court must ascertain 'that the conduct which the defendant admits constitutes the offense charged . . . .'" *Froistad v. State,* 2002 ND 52, ¶ 19, 641 N.W.2d 86 (quoting *Libretti v. United States,* 516 U.S. 29, 38, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995)). The court should compare the elements of the crime charged to the facts admitted by the defendant. *Froistad,* at ¶ 19.

[¶ 12] The State charged Fickert with class A felony gross sexual imposition. Under N.D.C.C. § 12.1–20–03, a person commits class A felony gross sexual impo-

sition if they engage in a sexual contact with a victim under the age of fifteen. "Sexual contact" is defined as "any touching, whether or not through the clothing or other covering, of the sexual or other intimate parts of the person ... for the purpose of arousing or satisfying sexual or aggressive desires." N.D.C.C. § 12.1–20–02(5). At the change of plea hearing, the state's attorney provided the following factual basis:

On May 28th of 2008 the police department in Grand Forks County received a report of suspected child abuse. It was—a minor female there did a, quote, reflection writing, unquote, assignment on May 6th while in school in Grand Forks, indicating she had been sexually harassed by Mr. Fickert when she was younger.

The teacher recognized what the student had written and reported it to Grand Forks Social Services. A forensic interview was done of the minor on May 23rd during which she disclosed that Jake Fickert had sexually assaulted her when she was around eight years old during school while she was living in Williston, which would have put it sometime between September 2001 and May of 2002.

The minor child disclosed that on one occa—at least one occasion when she was seated in Mr. Fickert's lap he had taken her hand and made her rub his penis over his clothes. She indicated that there were two separate occasions that occurred on the same date. And at one point Mr. Fickert had inserted his finger into her vagina. Mr. Fickert was interviewed regarding this, and eventually said, well, she's not lying. Basically admitted to everything else when he wrote a letter to his sons basically admitting the same.

The district court then asked Fickert whether the State's factual basis was correct. Fickert stated he was not sure, and the following exchange took place:

The Court: What do you mean you are not sure?

The Defendant: Because—

The Court: You didn't hear, or—

The Defendant: No. I heard, but it's—it only happened one time. And not in Grand Forks, either.

The Court: Where did it happen?

The Defendant: Williston.

The Court: Okay. That would make more sense because you are in Williston court. Anything else?

The Defendant: But, I don't understand anything about Grand Forks.

The Court: Grand Forks is where they discovered it. Grand Forks is where they talked to her. And then she informed them that it happened back here in Williston.

The Defendant: Okay.

The Court: You are not alleged—they are not alleging that you did anything in Grand Forks.

The Defendant: All right.

The Court: All right. Well, with that I will find that there is a factual basis for the charge, I will accept the plea of guilty.

[¶ 13] Fickert argues he was confused by the factual basis and did not clearly admit to committing gross sexual imposition in the manner alleged by the State. As a result, Fickert claims the district court erred by determining a sufficient factual basis existed to accept his guilty plea. However, Fickert did not object when the district court determined a factual basis existed. Due to the failure to object, we will only consider the issue if Fickert establishes the district court committed obvious error. *See Bethke*, 2009

ND 47, ¶ 25, 763 N.W.2d 492; N.D.R.Crim.P. 52(b). "To establish obvious error, the defendant must show: (1) error; (2) that is plain; and (3) affects substantial rights." *Demarais*, 2009 ND 143, ¶ 17, 770 N.W.2d 246 (quoting *Kruckenberg*, 2008 ND 212, ¶ 15, 758 N.W.2d 427). "Our power to notice obvious error is exercised cautiously and only in exceptional situations where the defendant has suffered serious injustice." *Bethke*, at ¶ 25 (quoting *Smuda*, 419 N.W.2d at 168).

[¶ 14] We hold Fickert failed to establish the district court erred by determining a sufficient factual basis existed to accept his guilty plea. The State's factual basis alleged Fickert committed acts constituting class A felony gross sexual imposition. The state's attorney said the juvenile victim told police Fickert inserted his finger into her vagina, and Fickert took her hand and made her rub his penis over his clothes. In addition, the district court did not err by determining Fickert admitted to committing the alleged criminal acts. When Fickert stated he did not commit the acts in Grand Forks, the district court explained the victim reported the acts to Grand Forks police and told them he had committed the acts in Williston. After receiving this explanation, Fickert indicated he understood. Fickert also told the district court "it only happened one time." Fickert made this statement in apparent contrast to the state's attorney claim that Fickert made sexual contact on "two separate occasions that occurred on the same date." As Fickert was charged with a single count of gross sexual imposition, the district court did not err by determining a sufficient factual basis existed because he admitted to committing proscribed acts, even if "it only happened one time." Because the State alleged Fickert committed acts meeting the statutory requirements for class A felony gross sexual imposition, and Fickert admitted to committing the acts on a single occasion, the district court did not err by determining a sufficient factual basis existed to accept Fickert's guilty plea.

## IV.

[¶ 15] We hold Fickert failed to establish the district court committed obvious error, and the district court correctly determined a sufficient factual basis existed to support Fickert's guilty plea. We affirm.

[¶ 16] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, DANIEL J. CROTHERS, and MARY MUEHLEN MARING, JJ., concur.