2011 ND 35

**Clifford Scott EATON, Petitioner and Appellant**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20100235.**

Supreme Court of North Dakota.

Feb. 8, 2011.

Nicholas D. Thornton (argued) and Ian R. McLean (on brief), appearing under the Rule on the Limited Practice of Law by Law Students, Fargo Public Defender Office, Fargo, ND, for petitioner and appellant.

Tracy J. Peters (appeared), Assistant State's Attorney, and Taylor Olson (argued), appearing under the Rule on the Limited Practice of Law by Law Students, Fargo, ND, for respondent and appellee.

KAPSNER, Justice.

[¶ 1] Clifford Scott Eaton appealed from a district court judgment summarily denying his application for post-conviction relief. We affirm the judgment denying post-conviction relief, concluding there was a sufficient factual basis to support Eaton's guilty plea for possession of a controlled substance with intent to deliver.

I

[¶ 2] Eaton pleaded guilty to two charges on August 3, 2004—possession of a controlled substance with intent to deliver and possession of drug paraphernalia. The State offered a factual basis to support the guilty pleas, which included a list of several items found at Eaton's residence, including pay-owe sheets, scales, shipping documents, plane tickets, and eighty grams of methamphetamine. The district court accepted Eaton's guilty pleas, after finding the factual basis provided by the State was sufficient. Eaton was sentenced to five years in prison on each count, with the sentences to run concurrently. Eaton filed an application for post-conviction relief on December 24, 2009, and an amended application on February 22, 2010. Eaton argued he was eligible for post-conviction relief because his guilty plea to possession of a controlled substance with intent to deliver was based upon an insufficient factual basis. The State and Eaton filed cross-motions for summary disposition. Eaton's application for post-conviction relief was denied by summary disposition on July 21, 2010.

[¶ 3] On appeal, Eaton argues the district court erred in summarily denying his application for post-conviction relief, because the factual basis offered by the State to support the guilty plea failed to establish he willfully possessed the methamphetamine in his residence and failed to establish he had an intent to deliver the methamphetamine. The State argues the factual basis including the items found at Eaton's residence was sufficient, and the amount of methamphetamine found at the residence allowed the court to infer Eaton willfully possessed the methamphetamine with intent to deliver.

## II

[¶ 4] This case comes to us in an unusual posture. The State has not raised, and thus we do not address, misuse of process. *See* N.D.C.C. § 29–32.1–12(3) (requiring the State to raise the affirmative defense). "A proceeding under this chapter is not a substitute for and does not affect any remedy incident to the prosecution in the trial court or direct review of the judgment of conviction or sentence in an appellate court." N.D.C.C. § 29–32.1–01(2); *see also Syvertson v. State,* 2000 ND 185, ¶¶ 17–18, 620 N.W.2d 362. Eaton pleaded guilty and was convicted and sentenced in 2004. Eaton did not appeal and did not file an application for post-conviction relief until December 24, 2009, when his sentence had been served. Eaton did not previously challenge the sufficiency of the factual basis to support his plea of guilty to possession of a controlled substance with intent to deliver. At argument before this Court, Eaton acknowledged he wants to withdraw his guilty plea and vacate the criminal judgment because of the effect of the conviction on subsequent criminal proceedings in another state.

[¶ 5] Further, neither party has briefed the standard for allowing a defendant to withdraw a guilty plea, despite Eaton's petition seeking relief that would vacate the criminal judgment based upon that guilty plea. "When a defendant applies for post-conviction relief seeking to withdraw a guilty plea, the application is treated as one made under N.D.R.Crim.P. [11(d)]."[1] *Patten v. State,* 2008 ND 29, ¶ 14, 745 N.W.2d 626. After a court has accepted a guilty plea and imposed sentence, a defendant cannot withdraw a plea unless withdrawal is necessary to correct a manifest injustice. *State v. Bates,* 2007 ND 15, ¶ 6, 726 N.W.2d 595 (citing *Froistad v. State,* 2002 ND 52, ¶ 9, 641 N.W.2d 86). The court has discretion in finding whether a manifest injustice exists necessitating the withdrawal of a guilty plea, and we review the court's decision for abuse of discretion. *Id.* (citing *State v. Abdullahi,* 2000 ND 39, ¶ 7, 607 N.W.2d 561).

[¶ 6] Because appellate review is generally limited to issues raised by the parties below, we do not address these issues in the context of this appeal.

## III

[¶ 7] Eaton filed an application for post-conviction relief and appeals the summary denial of his application for post-conviction relief. "Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure." *Delvo v. State,* 2010 ND 78, ¶ 10, 782 N.W.2d 72 (quoting *Clark v. State,* 2008 ND 234, ¶ 11, 758 N.W.2d 900). "This Court reviews a summary denial of an application for post-conviction relief similar to an appeal from a summary judgment." *Id.* (citing *Henke v. State,* 2009 ND 117, ¶ 9, 767 N.W.2d 881). The par-

---

1. N.D.R.Crim.P. 11(d) on plea withdrawal was transferred to Rule 11 from Rule 32 effective March 1, 2010.

**794**

ties agree there were no disputed material issues of fact, and summary disposition by the district court was appropriate. Therefore, whether the legal basis was sufficient to support Eaton's guilty plea is a question of law. "Questions of law are fully reviewable on appeal in post-conviction proceedings." *Tweed v. State,* 2010 ND 38, ¶ 15, 779 N.W.2d 667.

### IV

[¶ 8] "Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." N.D.R.Crim.P. 11(b)(3). "A factual basis is a statement of facts to assure the defendant is guilty of the crime charged." *State v. Fickert,* 2010 ND 61, ¶ 11, 780 N.W.2d 670 (quoting *Bates,* 2007 ND 15, ¶ 8, 726 N.W.2d 595). "To establish a factual basis for the plea, the court must ascertain 'that the conduct which the defendant admits constitutes the offense charged....'" *Id.* (quoting *Froistad,* 2002 ND 52, ¶ 19, 641 N.W.2d 86). "The court should compare the elements of the crime charged to the facts admitted by the defendant." *Id.* (citing *Froistad,* at ¶ 19). One method of establishing the factual basis for a guilty plea allows the prosecution to make an offer of proof of the factual basis. *Bates,* at ¶ 8 (citing *Kaiser v. State,* 417 N.W.2d 175, 178 (N.D.1987)).

[¶ 9] Eaton pleaded guilty to, but now is challenging the sufficiency of the factual basis for, the crime of possession of a controlled substance with intent to deliver. Eaton pleaded guilty to a violation of N.D.C.C. § 19–03.1–23(1): "it is unlawful for any person to willfully, as defined in section 12.1–02–02, manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance...." Methamphetamine is a controlled substance. N.D.C.C. §§ 19–03.1–07(5)(c); 19–03.1–23(1)(a). Eaton argues the factual basis did not establish willful possession or an intent to deliver. A person engages in

conduct willfully "if he engages in the conduct intentionally, knowingly, or recklessly." N.D.C.C. § 12.1–02–02(1)(e). "Intent to deliver" is an essential element of the offense of possession of a controlled substance with intent to deliver. *State v. Morris,* 331 N.W.2d 48, 53 (N.D.1983).

[¶ 10] After the district court read the charges against Eaton and he pleaded guilty, the State offered the following factual basis to support Eaton's guilty pleas:

> Your Honor, on May 21st of 2004, a search warrant was executed at the residence of the defendant Mr. Eaton.... Officers entered on the search warrant. There was also an arrest warrant connected to it, and there was a gentleman that was arrested who had a federal warrant out for his arrest. His name was Ernest Thomas.

> Mr. Thomas was taken into custody by the U.S. marshals, and the officers proceeded to search the residence for drugs, at which time they found over 80 grams of methamphetamine, which tested positive for methamphetamine. The officers also found pay-owe sheets, scales, number of items of methamphetamine paraphernalia. Mr. Eaton also had over $2,000 in cash in his possession at the time.

> The information that they had was that he was going to various locations in Arizona, purchasing methamphetamine and shipping it back to his residence. The officers also found shipping documents and plane tickets, hotel reservations, that kind of stuff, that would corroborate that, that's, in fact, what was going on.

Eaton argues the district court at the plea proceedings could not infer intent because he contested the issue of intent before the court, and "[w]hen the court is put on notice that the defendant takes issue with

the factual basis, it should inquire further or choose not to proceed."

[¶ 11] After the State read the factual basis, the following discussion occurred:

THE COURT: ... Mr. Eaton, do you take issue with the factual rendition provided by the prosecutor—

MR. OLSON: We do, Your Honor.

THE COURT: —in any way?

MR. OLSON: Other than the fact that there was drugs found in the—in the apartment that Mr. Eaton was the leaseholder on, we think there would be a sufficient factual basis to say that drugs were found there and that he had possession of those drugs or constructive possession. There [were] two other situations in there—two other people, excuse me—in that apartment. One was the target of the—

THE COURT: Federal investigation.

MR. OLSON: —arrest warrant. The drugs just happened to be found on a computer table where he was arrested while Mr. Eaton was answering the front door, which this Court heard at the preliminary hearing.

We do believe that there is sufficient facts or sufficient evidence that he would be convicted of at least constructive possession for having that material in his apartment, coupled with the fact that there was paraphernalia there. I think those facts alone the jury could construe that he knew they were there; therefore, he's in possession of it. I think that that would be a sufficient factual basis for the particular charge as well as the paraphernalia charge.

THE COURT: You concur, Mr. Eaton?

THE DEFENDANT [EATON]: I do.

The discussion between the district court, Eaton's attorney, and Eaton is ambiguous if Eaton was denying an intent to deliver methamphetamine. It is also unclear with what Eaton was concurring.

[¶ 12] Eaton argues the factual basis offered by the State was insufficient because it established no more than constructive possession. "Rule 11 requires a court to satisfy itself that there is a factual basis for a guilty plea." *State v. Hamann*, 262 N.W.2d 495, 500–01 (N.D. 1978) (citing *McCarthy v. United States*, 394 U.S. 459, 467, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969)). In ensuring a factual basis to support a plea of guilty exists and is sufficient, a court may consider an offer of proof by the prosecutor for the factual basis. *Bates*, 2007 ND 15, ¶ 8, 726 N.W.2d 595. A court may supplement the offer of proof for the factual basis with information from an open court inquiry or information in the record. *See State v. Oie*, 2005 ND 160, ¶ 1, 704 N.W.2d 573 ("The record reflects the district court made an open court inquiry into the factual basis and additionally supplemented such basis with information contained in the pre-sentence investigation report."). Summations of evidence by a prosecutor may be sufficient to establish a factual basis for a guilty plea if the summations "were sufficient for the district court to determine that proof of guilt was strong...." *State v. Hagemann*, 326 N.W.2d 861, 872 (N.D.1982). This Court concluded a factual basis for a guilty plea did not result in a manifest injustice when a district court considered a summary of the evidence the prosecutor would have produced at trial, along with a written statement from an accomplice, and testimony given before the court. *See State v. DeCoteau*, 325 N.W.2d 187, 191 (N.D.1982). In *Hamann*, the court properly established the offered factual basis was sufficient by considering a motion to amend the complaint and an explanation of the defendant's attorney on the evidence. 262 N.W.2d at 501. Further, to ensure a sufficient factual basis was established, a court in post-conviction relief proceedings may consider information beyond the pros-

ecutor's offered factual basis. *Froistad*, 2002 ND 52, ¶¶ 21, 23, 641 N.W.2d 86.

[¶ 13] In addition to the factual basis offered by the State at the plea proceedings, the district court considering Eaton's application for post-conviction relief reviewed "all the pleadings, the transcript of the change-of-plea hearing in *State v. Eaton*, No. 09–04–K–01989, the argument at the motion hearing, and all other evidence presented in this matter. . . ." The record available to the district court at the plea proceedings contained an "Affidavit of Probable Cause" and attached investigation reports. According to the investigation reports, the following were found at Eaton's residence: two other occupants, eighty grams of methamphetamine, a recipe on how to cook methamphetamine, several felony paraphernalia items, scales with methamphetamine residue on them, unused small plastic bags that looked like they were being repackaged from a larger quantity of methamphetamine, pay-owe sheets, over two thousand dollars in cash, shipping documents from Eaton indicating he was shipping drugs, and a variety of identification cards with Eaton's picture but other names. The inventory of evidence shows most of these items were found in Eaton's dining room, living room, dresser drawers, or cabinets throughout his apartment. This evidence, with the factual basis offered by the State, was sufficient to inform the district court at the plea proceedings and post-conviction relief proceedings that there was a factual basis for the plea.

[¶ 14] Before he pleaded guilty, Eaton was informed he was charged with "possession of a controlled substance with intent to deliver." Eaton was aware of the conduct constituting the crime from the recitation of the offense. The elements of willful possession of a controlled substance with intent to deliver were addressed by the district court in the change-of-plea hearing, and the facts relied upon by the district court established the conduct constituting the offense of possession with intent to deliver. Eaton, in pleading guilty to the offense, would of course know whether he had the requisite intent.

V

[¶ 15] Eaton argues the district court improperly inferred Eaton had an intent to deliver, and the facts do not establish he was the individual with intent to deliver methamphetamine or that the items in his apartment belonged to him. The State argues that the amount of methamphetamine, other items, and documents found in Eaton's apartment, allowed the district court to infer Eaton possessed methamphetamine with intent to deliver.

[¶ 16] "Possession of a controlled substance in a quantity which is larger than would normally be intended for personal use is evidence of intent to sell or deliver the contraband in violation of the law." *In re L.A.G.*, 1999 ND 219, ¶ 12, 602 N.W.2d 516. This Court has recognized that a fact-finder may infer intent to deliver based upon evidence in the record that the amount in the defendant's possession was more than that intended for personal use. *State v. Rodriguez*, 454 N.W.2d 726, 731 (N.D.1990). North Dakota law does not specify what amount of methamphetamine can be considered for personal use, or what amount of methamphetamine would suggest an intent to deliver. The State argues the district court judge was sufficiently experienced to make that determination. The State also cited the Code of Federal Regulations for a comparison, which provides that methamphetamine is presumed to be for personal use if the amount of methamphetamine does not exceed one gram. 19 C.F.R. § 171.51(b)(6)(G). Eaton had eighty times that amount in his possession, and admit-

ted the amount of methamphetamine would be sufficient for a fact-finder to find him guilty of possession of methamphetamine with intent to deliver. The court properly relied on the evidence presented to ensure Eaton was guilty of the conduct he pleaded guilty to. We decline to hold that a court or a jury could find Eaton guilty of possession of methamphetamine with intent to deliver based on the evidence presented to the court, but yet a court could not rely on that same evidence to support a factual basis for the guilty plea. Further, the district court considered more than the amount of methamphetamine in finding the factual basis sufficient to support Eaton's guilty plea. The court also had in front of it evidence of items such as pay-owe sheets, scales, shipping documents, and small unused plastic bags that police officers believed were for repackaging methamphetamine. Considering the amount of methamphetamine and the presence of these items, there was sufficient evidence for the court to rely on to be assured Eaton was guilty of the crime to which he pleaded.

[¶ 17] Eaton was informed "intent to deliver" was an element of the crime when the charge was recited to him, and he would know whether or not he had an intent to deliver. In pleading guilty, Eaton admitted intent, and the evidence presented to the court sufficiently informed the court there was enough evidence Eaton could be found guilty if he were tried. As a comparison, we have held a factual basis is sufficient to establish a defendant's plea of guilty to gross sexual imposition by a sexual act or sexual contact, even though there was no evidence the defendant engaged in conduct "for the purpose of arousing or satisfying sexual or aggressive desires." *See, e.g.,* N.D.C.C. § 12.1–20–02(3) and (4); *see also Fickert,* 2010 ND 61, ¶¶ 12–14, 780 N.W.2d 670; *State v. Blurton,* 2009 ND 144, ¶¶ 17–18, 770 N.W.2d 231; *Bates,* 2007 ND 15, ¶¶ 9–11,

726 N.W.2d 595. The prosecutor did not have to prove the defendant's purpose because the defendant was aware of the charge, the evidence properly assured the court the defendant engaged in the conduct, and the defendant knew his purpose for engaging in the conduct and pleaded guilty.

VI

[¶ 18] We affirm the judgment summarily denying Eaton's application for post-conviction relief, holding the factual basis was sufficient to support his plea of guilty to possession of a controlled substance with intent to deliver.

[¶ 19] GERALD W. VANDE WALLE, C.J., DALE V. SANDSTROM, DANIEL J. CROTHERS and MARY MUEHLEN MARING, JJ., concur.