Filed 6/21/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 117

State of North Dakota, Plaintiff and Appellee

v.

Lonnie A. Howard, Defendant and Appellant

No. 20110008

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Thomas J. Schneider, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Jacob T. Rodenbiker, Assistant State’s Attorney, Courthouse, 514 East Thayer Avenue, Bismarck, ND 58501, for plaintiff and appellee; submitted on brief.

Chad R. McCabe (argued), 402 East Main Avenue, Suite 100, Bismarck, ND 58501, for defendant and appellant.

State v. Howard

No. 20110008

Kapsner, Justice.

[¶1] Lonnie A. Howard appeals the district court order denying his motion to withdraw his plea of guilty to delivery of methamphetamine.  The district court did not abuse its discretion by denying Howard’s motion to withdraw his guilty plea.  We affirm.

I

[¶2] On two occasions, a confidential police informant bought tablets believed to be ecstasy, but were actually methamphetamine, from Kayla Bruning.  On both occasions, Howard drove Bruning to pick up the tablets from a supplier and drove her to the site where the informant bought the tablets.  The informant entered Howard’s vehicle and bought the tablets in the vehicle while Howard was present.  According to Howard and Bruning, Bruning put the tablets on the center console in the vehicle, and the informant picked up the tablets from the console and put the money on the console.  These facts formed the factual basis to support Howard’s plea of guilty to conspiracy to deliver methamphetamine, delivery of methamphetamine, and conspiracy to deliver ecstasy.  Howard was sentenced to ten years in prison with all ten years suspended on each of the conspiracy counts.  Howard was sentenced to ten years in prison with no time suspended on the delivery charge.  After sentencing, Howard made a motion in the district court to withdraw his plea of guilty to delivery of methamphetamine.  Howard argued he had not touched the methamphetamine or money, and he was actually innocent of delivery.  Howard argued the factual basis offered by the State did not support his guilty plea to delivery of methamphetamine.  The State argued Howard admitted to driving the vehicle that transported the methamphetamine, knew he was transporting methamphetamine in his vehicle to sell to another individual, and was present while the informant bought the methamphetamine in his vehicle.  The district court denied Howard’s motion to withdraw the guilty plea, noting the definition of delivery included constructive delivery and attempted delivery.

II

[¶3] An application for post-conviction relief, where the defendant is seeking to withdraw a guilty plea, is treated as a request under N.D.R.Crim.P. 11(d).  
Eaton v. State
, 2011 ND 35, ¶ 5, 793 N.W.2d 790 (citing 
Patten v. State
, 2008 ND 29, ¶ 14, 745 N.W.2d 626).  “After a court has accepted a guilty plea and imposed sentence, a defendant cannot withdraw a plea unless withdrawal is necessary to correct a manifest injustice.”  
Id.
 (citing 
State v. Bates
, 2007 ND 15, ¶ 6, 726 N.W.2d 595).  The court has discretion in finding whether a manifest injustice necessitating the withdrawal of a guilty plea exists, and we review the court’s decision for abuse of discretion.  
Id.
 (citing 
Bates
, at ¶ 6).  An abuse of discretion under N.D.R.Crim.P. 11(d) occurs when the court’s legal discretion is not exercised in the interest of justice.  
Bates
, at ¶ 6.  The court must exercise its sound discretion in determining whether a manifest injustice or a fair and just reason to withdraw the guilty plea exists.  
Id.

[¶4] Howard argued a manifest injustice occurred when the district court accepted his guilty plea, because the factual basis did not support the delivery charge, and he was actually innocent of delivery of methamphetamine.  “Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea.”  N.D.R.Crim.P. 11(b)(3).  “A factual basis is a statement of facts to assure the defendant is guilty of the crime charged.”  
Eaton
, 2011 ND 35, ¶ 8, 793 N.W.2d 790 (quoting 
State v. Fickert
, 2010 ND 61, ¶ 11, 780 N.W.2d 670).  The court must ascertain that the conduct to which the defendant admits constitutes the offense charged to establish the factual basis for the plea.  
Id.
 (citing 
Fickert
, at ¶ 11).  “The court should compare the elements of the crime charged to the facts admitted by the defendant.”  
Id.
 (quoting 
Fickert
, at ¶ 11).  A court may allow the prosecution to make an offer of proof of the factual basis.  
Id.

[¶5] Howard was charged with delivery of methamphetamine:  “[I]t is unlawful for any person to willfully . . . deliver . . . a controlled substance.”  N.D.C.C. § 19-03.1-

23(1)(a).  “Deliver” means “the actual, constructive, or attempted transfer from one person to another of a controlled substance whether or not there is an agency relationship.”  N.D.C.C. § 19-03.1-01(8).  The State offered the factual basis to support the guilty plea.  Relevant to the delivery charge, the State said the purchase occurred in Howard’s vehicle with Howard present.  The State said Howard called the supplier to obtain the methamphetamine and later handed the methamphetamine to the informant.  Howard’s attorney said Howard only drove and did not participate further, but agreed with the judge that “He knew what was going on and did the transportation anyway.”  The State said,

Well, [the tablets were] sitting on the center console, so I guess technically neither one of them handled it, but they were both involved in the delivery.  It wasn’t that one person made the delivery as opposed to the other, they were both equally involved in it and so they’re both in essence making the delivery.  The conspiracy was the act that led up to the delivery and then we have the deliveries themselves.

The court properly determined the conduct to which Howard admitted was sufficient to support the guilty plea.  Delivery does not require the defendant to personally and physically transfer a controlled substance to another person, because the definition of delivery includes constructive or attempted transfer to another.  N.D.C.C. § 19-

03.1-01(8); 
see also
 
State v. Helton
, 2007 ND 61, ¶¶ 7-8, 730 N.W.2d 610.  Howard admitted to transferring the tablets to the buy site with his vehicle and making the controlled substance available for the informant to purchase.  The district court did not abuse its discretion in finding a manifest injustice necessitating the withdrawal of Howard’s guilty plea did not exist.

III

[¶6] We affirm the district court order denying Howard’s motion to withdraw his plea of guilty to delivery of methamphetamine.

[¶7] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.